IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| A.M.B., | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | No. 5:21-cv-00283-MTT-CHW |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | Social Security Appeal |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's motion for attorney's fees filed pursuant to the Social Security Act, 42 U.S.C. § 406(b). (Doc. 22). The Commissioner responded and took no position on the motion. (Doc. 24). As explained below, it is **RECOMMENDED** that the motion be **GRANTED** and that Plaintiff be awarded $10,639.65 in attorney's fees.

On June 25, 2022, the Court remanded Plaintiff's case back to the Commissioner. (Doc. 16). Plaintiff sought attorney's fees under the Equal Access to Justic Act (EAJA), 28 U.S.C. § 2412(d). (Docs. 18, 19). The Court awarded Plaintiff $7,551.60 in attorney's fees. (Doc. 20). Following remand, Plaintiff's claim was granted, and Plaintiff received past due benefits. *See* (Doc. 22-2). The agency withheld 25%, or $27,631.25, from his past due benefits to his legal expenses, and specifically withheld $20,431.25 for Plaintiff's counsel. (*Id*., p. 4) Plaintiff now seeks this amount in attorney's fees under 42 U.S.C. § 406(b)(1), an amount which equals $20,431.25 minus the $7,551.60 received in EAJA fees in this case and $2,240.00 received in EAJA fees Plaintiff

received in a companion case.¹ (Doc. 22). The motion request fees for 46 hours of work, which is the same time submitted in support of the EAJA fees motions. (Docs. 22-5; 22-6).

Under 42 U.S.C. § 406(b), an award of attorney's fee is authorized "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d, 1273, 1277 (11th Cir. 2006). The statute provides that the district court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must either be repaid to the claimant or offset from the fees received under § 406(b). See *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271-72 (11th Cir. 2010). The requested net amount complies with *Jackson* by offsetting the EAJA fees already received.

When deciding Plaintiff's request for a § 406(b) fee award, the Court must "determine 'whether the fee sought is reasonable for the services rendered.'" *Jackson*, 601 F.3d at 1271 (quoting *Gisbrecht*, 535 U.S. at 807). Here, the fee award requested by counsel falls within the 25% limit under § 406(b) and reflects counsel's fee agreement with Plaintiff. (Docs. 22-3; 22-4). The materials attached to the motion show the time expended by counsel and support the expertise likely required to obtain the benefits received by Plaintiff. The Commissioner did not object to the motion. In light of these factors, the 25% contingency fee and the fees sought are reasonable.

---

¹ Plaintiff's application for benefits was previously remanded by this Court in *Brown v. Comm'r of Soc. Sec.*, 5:19-cv-289-MTT-CHW (M.D. Ga, Dec. 18, 2019).

It is **RECOMMENDED** that Plaintiff's motion for attorney's fees (Doc. 22) be **GRANTED** and that Plaintiff's attorney be awarded $10,639.65 from Plaintiff's past due benefits in attorney's fee pursuant to 42 U.S.C. § 406(b).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to the recommendations herein with the presiding District Judge **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES.** *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 9th day of August, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge